### STATE v. BILLIE SIMMONS.

(Filed 26 November, 1947.)

**Rape § 5—**

> An instruction which fails to charge that the carnal knowledge of prosecutrix must have been accomplished by force and against her will to constitute the crime of rape must be held for reversible error. G. S., 14-21.

APPEAL by defendant from *Edmundson, Special Judge,* at August Term, 1947, of SAMPSON.

Criminal prosecution upon indictment charging defendant with the crime of rape of a certain named female person.

Verdict: Guilty of rape as charged in the bill of indictment.

Judgment: Death by the administration of lethal gas as provided by law.

Defendant appeals to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys General Bruton, Rhodes, and Moody for the State.*

*A. McL. Graham and P. D. Herring for defendant, appellant.*

WINBORNE, J. Defendant assigns as error the following portion of the court's charge to the jury: "The court charges you if you find from the evidence in this case and beyond a reasonable doubt that the prisoner had carnal knowledge of the prosecuting witness as that term has been defined by the court to you then you will return a verdict of guilty of rape as charged in the bill of indictment."

The error pointed out is the absence of these essential elements of the crime charged "ravishing ... by force and against her will." G. S., 14-21.

The State concedes error in the instruction to which the exception is taken.

Hence there must be a

New trial.